**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

               **Plaintiff,**                **Case No: 17-20311**
                                              **Hon: Nancy G. Edmunds**

**v.**

**GLEN TILL,**

               **Defendant.**

_____/

### DEFENDANT GLEN TILL'S AMENDED SENTENCING MEMORANDUM[1]

Defendant, GLEN TILL, by and through his counsel, JUAN A. MATEO, hereby submits this Sentencing Memorandum in support of his request for a reasonable sentence.

**INTRODUCTION**

Defendant, GLEN TILL ("Mr. Till"), age 41, has a history of a troubled upbringing, mental health problems, and a significant substance abuse history. Despite these setbacks, Mr. Till has sought to improve his life by taking advantage of whatever programs offered to him while incarcerated.  Mr. Till acknowledges

---

[1] This Amended Sentencing Memorandum only modifies the Conclusion to make sure the Court is aware that the Court should render a sentence that runs concurrent to any sentence imposed by the Michigan Department of Corrections regarding Mr. Till's parole violation.

responsibility for committing a very serious offense.  He asked this Court to

impose a sentence pursuant to the Rule 11 Plea Agreement.

## PRESENTENCE INVESTIGATION REPORT

On May 7, 2017, Mr. Till pled guilty pursuant to a Rule 11 Plea Agreement,

to Count 1, Possession of a Stolen Firearm, in violation 18 U.S.C. §922(j) set forth

in the First Superseding Information.

Subsequent to the plea, United States Probation Officer, Xia Vue, conducted

a presentence investigation which resulted in the Presentence Investigation Report

("PSR").  Neither party has any objection to this report.

The PSR determined the base offense level is 21, and the Criminal History

Category is V, resulting in a guideline imprisonment range is 70-87 months.

## 18 U.S.C §3553(a) FACTORS

The Court is well aware that pursuant to 18 U.S.C §3553(a), the Court is

required to impose a reasonable sentence that is sufficient, but not greater than

necessary, to comply with the purposes of this statute.

### (a)1 THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

This event involves Mr. Till's arrest after an agent with the Michigan

Department of Corrections and the Detroit Police Department conducted a

compliance check at his residence.  During this event, Mr. Till advised the

authorities that he had a gun located in the basement.  The gun was found and was

noted to have been previously stolen.  Mr. Till was not involved in the theft, but

was aware it was a stolen firearm.

Mr. Till has never had an ongoing relationship with his father.  He has been

raised by grandparents, cousins, and even his mother's friends.  He has a

significant history of substance abuse.  He also has a significant history of mental

and emotional health problems suffering from depression and anxiety for decades.

He has tried to help himself by obtaining a GED while incarcerated within the

MDOC.  He is also enrolled in online classes in the year 2015.

### (a)(2)(A) TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

We agree with the assessment indicated in the PSR that a sentence of

incarceration would reflect the seriousness of the offense, promote respect for the

law, and provide just punishment.

### (a)(2)(B) TO AFFORD ADEQUATE DETERRENCE FROM CRIMINAL CONDUCT

This policy will be served by what will undoubtedly be a significant prison

sentence.  Such a sentence will deter Mr. Till from any further criminal activity, as

well as any others who are in a position to have notice of what the Court has meted

out in this case.

## (a)(2)(C) TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

Mr. Till has no history of violence.  Any period of incarceration will satisfy this factor.

## (a)(2)(D) TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER

Mr. Till will avail himself of any educational, vocational, or correctional treatment that can be provided.  He certainly needs substance abuse treatment, and will request the Court recommend that he be placed in the Residential Drug Abuse Program (RDAP).  We also believe that he should be provided a mental and emotional health treatment can be provided by the Bureau of Prisons.

## (a)(3) THE KINDS OF SENTENCES AVAILABLE

Mr. Till's guideline range is 70-87 months.

## (a)(6) THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT

A reasonable sentence in this case would certainly include any sentence within the sentencing guideline range of 70-87 months, as well as any sentence of incarceration below that range.

## (a)(7) THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE

Restitution is not an issue in this case.

4

**CONCLUSION**

Accordingly, for all of the foregoing reasons, we respectfully request this Honorable Court to sentence Mr. Till, pursuant to the Rule 11 Plea Agreement, and specifically indicate in the judgment that the sentence will run concurrent to any sentence imposed by the Michigan Department of Corrections on his underlying parole violation.  The Government has no objection to this request.  We also request this Court recommend that he be admitted into the Residential Drug Abuse Program (RDAP) administered by the Bureau of Prisons, as well as any other mental health treatment he should receive as determined by the Bureau of Prisons. We also request the Court recommend he be designated to the Milan Federal Correctional Institution.

Respectfully submitted,

/s/ Juan A. Mateo
**JUAN A. MATEO (P33156)**
Attorney for Defendant Till
535 Griswold, Suite 1000
Detroit, MI 48226
(313) 962-3500

*PROOF OF SERVICE*
*The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause and to each of the attorneys of record herein at their respective addresses as directed on the pleading(s) of __August 16, 2018.__*
*Delivery By:*
☐ *U.S. Mail*              ☐ *Fax*         ☒ *E-File (ECF)*
☐ *Hand-Delivered (Court)*  ☐ *Overnight Express*
☐ *Federal Express*         ☐ *E-mail*    ☐ *Other*

*Signature:  /s/Lauren M. Castillo*
        Lauren M. Castillo

5