UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                  Criminal No. 17-20311

v.

                                  Hon. Nancy G. Edmunds

Glen Till,

    Defendant.

_____/

**United States' Supplemental Brief Opposing the Defendant's Renewed Motion for Compassionate Release**

Defendant Glen Till moved for compassionate release, citing a lack of credit for time served from BOP as one extraordinary and compelling reason justifying his release or a sentence reduction. ECF No. 49, PageID.404. The government opposed Till's motion and offered to order the sentencing transcript to determine the Court's intent on whether Till should get credit for time served in in the state as part of his federal sentence. ECF No. 52, PageID.810. Till's sentencing transcript came in after the government's response was due and is now attached here as Exhibit C.

1

During sentencing, the Court did not suggest, much less order, that Till should get credit for time already served in the state. Further, Till's counsel did not even ask that he get credit for time already served in the state. Rather, all parties—defense counsel, the government, and the Court—agreed that Till's 84-month sentence should run concurrent to any *subsequent* state sentence on his parole violation. At sentencing, Till, through his attorney, requested that "the sentence to be concurrent to whatever sentence *is* imposed by the Michigan Department of Corrections." ECF No. 53, PageID.838 (emphasis added). Till asked that his federal sentence run concurrent to any *future* state sentence—not that he receive credit for time served.

The Court agreed: "And I agree with the request, I don't think the government opposes it, for a concurrent sentence on the parole violation." Exhibit C, page 11 (ECF No. 53, PageID.842). While two pages of the written judgment conflict on this issue—one page giving him credit for time served, the other not, ECF No. 40, PageID.114–115—case law is clear that the oral sentence takes precedence over the written one. *See, e.g.*, *United States v. Booker*, 994 F.3d 591, 600 (6th Cir. 2021) ("[W]hen an oral sentence conflicts with the written sentence,

2

the oral sentence controls.") (quoting *United States v. Denny*, 653 F.3d 415, 421 (6th Cir. 2011)).

There is a difference between a sentence running concurrently to another sentence, and credit for time served. At sentencing, Court ordered Till's federal sentence—which started after his conviction—to run concurrent to any potential state sentence. But there is no indication that the Court intended for Till to receive credit in his federal case for time served in the state prior to his federal sentencing.

## Conclusion

The Court should deny Till's motion.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

*s/ Hank Moon*
Hank Moon
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0220
Hank.moon@usdoj.gov

Date: September 2, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and accurate copy of this document to the attorneys for Glen Till on September 2, 2021, by electronic filing.

>*s/ Hank Moon*
>Hank Moon
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, Michigan 48226
>(313) 226-0220
>Hank.moon@usdoj.gov

# Exhibit C

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION



UNITED STATES OF AMERICA,

              Plaintiff,
                                        HONORABLE NANCY G. EDMUNDS
      v.
                                        No. 17-CR-20311
GLEN TILL,

              Defendant.
_____/



                         SENTENCING HEARING

              Detroit, Michigan - August 23, 2018


Appearances:

Hank Moon
U.S. Department of Justice
211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-0220
Email: Hank.Moon@usdoj.gov
On behalf of Plaintiff

Juan A. Mateo, Jr.
Law Offices of Juan Mateo
300 River Place
Suite 3000
Detroit, MI 48207
313-962-3500
On behalf of Defendant

                             -   -   -

              Suzanne Jacques, Official Court Reporter
                 email: jacques@transcriptorders.com
```

Sentencing Hearing
August 23, 2018

# I N D E X

- - -

<u>Proceeding</u>                                                    <u>Page</u>

Sentencing Hearing

    Allocution by Mr. Mateo                                     4

    Allocution by Mr. Moon                                      5

    Allocution by the Defendant                                 6

    Sentence of the Court                                       6

    Certificate of Court Reporter                              11

```
 1              Detroit, Michigan
 2              August 23, 2018
 3              11:02 a.m.
 4                  -   -   -
 5              THE CLERK:  Court calls case number 17-20311,
 6   United States of America versus Glen Till.  This is the date
 7   and time set for sentencing.
 8              Would counsel state your name.
 9              MR. MOON:  Good morning, Your Honor.  Hank Moon
10   on behalf of the United States.
11              MR. MATEO:  Good morning, Your Honor.  Juan
12   Mateo appearing on behalf of Mr. Glen Till, who stands to my
13   left.
14              THE COURT:  Good morning.  Be seated, please.
15              This is the date and time set for sentencing in
16   this matter.  I believe I took the Rule 11 under advisement
17   at the time I accepted the plea.  Do you still want me to
18   accept it, Mr. Moon?
19              MR. MOON:  Yes, Your Honor.
20              THE COURT:  Mr. Mateo?
21              MR. MATEO:  Yes, Your Honor.
22              THE COURT:  And I will do so.
23              Mr. Mateo, have you had an opportunity to review
24   the Presentence Investigation Report with Mr. Till?
25              MR. MATEO:  Yes, I have, Your Honor.
```

```
 1              THE COURT:  I didn't see any objections filed.
 2  Are there any that you'd like to state for the record?
 3              MR. MATEO:  No, Your Honor, there are no
 4  objections.
 5              THE COURT:  Any for the government?
 6              MR. MOON:  No, your Honor.
 7              THE COURT:  Mr. Mateo, I'd be happy to hear
 8  anything you have to say on behalf of Mr. Till before I
 9  impose sentence.  And I have read the sentencing memoranda.
10  Thank you for filing, both of you.
11              MR. MATEO:  Your Honor, I have, as you just
12  noted, filed a sentencing memorandum, and I'm not going to
13  repeat what's in that document other than to highlight he
14  has significant issues with regard to his upbringing,
15  significant issues involving substance abuse, mental health
16  problems.
17              This is an agreed-to sentence.  You've accepted
18  the Rule 11 Plea Agreement, so we understand what the
19  sentence will be.
20              I do want to address, what I would like the
21  Court to make sure you address in the judgment in the
22  criminal case, one, he, we would like the sentence to be
23  concurrent to whatever sentence is imposed by the Michigan
24  Department of Corrections on the parole violation, I believe
25  the government has no objection that.  Two, we'd like a
```

```
 1   recommendation that he be admitted into the drug treatment
 2   program with the Bureau of Prisons, and any other substance
 3   abuse or mental health programs the Bureau may offer persons
 4   with his situation.  And lastly, we'd like a recommendation
 5   that he be designated to the Milan correctional institute.
 6   That's the closest facility in this area for his family to
 7   be able to reach out to him.
 8              Other than that, Your Honor, I have nothing else
 9   to say.
10              THE COURT:  Thank you, Mr. Mateo.
11              Mr. Moon, anything for the government?
12              MR. MOON:  Your Honor, we've provided a
13   sentencing memo in this case which I know Your Honor has
14   read.  For the record, all I would say is this is a very
15   serious case, and even though the parties came to a
16   resolution of this case, it doesn't undercut the seriousness
17   of a felon possessing not only a firearm, but a stolen
18   firearm, especially after as many drug convictions, parole
19   violations and problems in prison that Mr. Till has had.
20   This is a negotiation that was about a year in coming, and
21   it wasn't reached easily.
22              This is a very serious case, the government
23   takes it as such, and we believe an 84-month sentence is
24   appropriate and just, given the facts here.
25              THE COURT:  Thank you, Mr. Moon.
```

```
 1              Mr. Till, is there anything you'd like to say in
 2   your own behalf before I impose sentence?
 3              THE DEFENDANT:  That I apologize to the Court
 4   and to my community for having possession of stolen firearm,
 5   and I just wanted to say thank you for just giving me what
 6   it is that -- because I know that I shouldn't have never had
 7   it in my possession, and I know that with a second chance, I
 8   know that I would be 100 percent better person in the
 9   community and to everybody around.  I would just like to say
10   thank you.
11              THE COURT:  Okay.  Thank you.
12              THE DEFENDANT:  Thank you.
13              THE COURT:  And I hope you're right, I hope this
14   is the end of your criminal path because you're already in a
15   category V.  You don't want to be in a category VI and end
16   up an armed career criminal and be looking at 15 years in
17   custody.  It's bad enough where you are now.  You don't want
18   to be down the road and be 60 years old and just getting out
19   of jail.
20              THE DEFENDANT:  Yeah.
21              THE COURT:  As Mr. Moon indicated and Mr. Mateo
22   acknowledges, this is a negotiated and agreed-upon sentence
23   that is within the guideline range.  The guidelines, of
24   course, are advisory, they're not mandatory.
25              The Court's directed under 18 U.S.C.
```

1   Section 3553(a) to impose a sentence that's sufficient but
2   not greater than necessary to achieve the statutory
3   objectives, and that begins with the Court looking at the
4   nature and circumstances of the offense and the history and
5   characteristics of the defendant.
6              No doubt Mr. Till did have a difficult
7   childhood, as we often see in criminal cases in this court,
8   but he's got a long criminal history that puts him in a
9   category V now, so as I just said, we're all hoping this is
10  the end of his criminal career.
11             The second factor is to reflect the seriousness
12  of the offense, to promote respect for the law and to
13  provide just punishment for the offense.  That's what the
14  guidelines attempt to do.  They don't always work, but in
15  this case I think they're probably accurate with respect to
16  the appropriate sentence in this case.
17             The next two factors are deterrence factors;
18  one, a societal deterrence to discourage others from this
19  type of activity, and then the next one is to protect
20  society from further crimes of the defendant.  I hope that,
21  Mr. Till, if you get decent therapy in prison, mental health
22  therapy and drug therapy, that that will help turn you
23  around so that we don't look at any further crimes from you.
24             Which kind of segues into the next factor, which
25  is to provide the defendant with needed educational,

```
 1   vocational, medical or other correctional treatment, which I
 2   think Milan will provide.  It's a good facility, as good as
 3   a prison can be.  I'm not saying it's a wonderful place to
 4   be under any circumstance, but Milan does a good job.
 5             And I agree with the request, I don't think the
 6   government opposes it, for a concurrent sentence on the
 7   parole violation.
 8             So on Count 1 of the First Superseding
 9   Information, pursuant to the Sentencing Reform Act of 1984,
10   the Court, having considered the sentencing guidelines and
11   factors contained in 18 U.S.C. Section 3553(a) hereby
12   commits the defendant to the custody of the Bureau of
13   Prisons for a term of 84 months to run concurrent with any
14   undischarged term of imprisonment with the Michigan
15   Department of Corrections.  Upon release from imprisonment,
16   defendant shall be placed on supervised release for a term
17   of three years.
18             It is further ordered that the defendant pay a
19   special assessment of $100, which is due immediately.
20             The Court waives the imposition of a fine, the
21   costs of incarceration and costs of supervision due to the
22   defendant's lack of financial resources.
23             Mandatory drug testing is ordered.  While on
24   supervision, defendant shall abide by the standard
25   conditions adopted by this Court and with the following
```

```
 1   special conditions:  Defendant shall participate in a
 2   program approved by the probation department for mental
 3   health counseling if necessary, defendant shall participate
 4   in a program approved by the probation department for
 5   substance abuse which may include testing to determine if
 6   he's reverted to the use of drugs or alcohol if necessary,
 7   defendant shall submit his person, residence, office,
 8   vehicles, papers, business, or place of employment, and any
 9   property under his control to a search.  Such a search shall
10   be conducted by United States probation officer at a
11   reasonable time and in a reasonable manner based upon a
12   reasonable suspicion of contraband or evidence of a
13   violation of a condition of release.  Failure to submit to
14   such a search may be ground for revocation.  The defendant
15   shall warn any residents that the premises may be subject to
16   searches.
17             I also recommend that the defendant be
18   incarcerated at Milan and that he be permitted to
19   participate in the comprehensive drug treatment program.
20             Is there anything else?
21             MR. MATEO:  Any mental health treatment.
22             THE COURT:  And any mental health treatment that
23   may be provided at Milan, or if he's not sentenced to
24   Milan -- or not put in Milan, whatever facility he's in.
25             Are there any objections to the sentence just
```

```
 1  stated that have not been addressed on the record,
 2  Mr. Mateo?
 3              MR. MATEO:  No, Your Honor.
 4              THE COURT:  Mr. Moon?
 5              MR. MOON:  No objections, Your Honor.
 6              Three brief, just kind of comments.  Some courts
 7  are asking the government to dismiss an indictment even if
 8  there's a superseding information.
 9              THE COURT:  Please.
10              MR. MOON:  So for the record, the government
11  dismisses the indictment in this case.
12              THE COURT:  Okay.
13              MR. MOON:  Second, we filed a notice of
14  administrative forfeiture on the record, so there's nothing
15  needed for the judgment.
16              And finally, I know we've all agreed, but out of
17  an abundance of caution for the record, I'd state the
18  guidelines here are 70 to 87 months.
19              THE COURT:  I'm sorry, I should have stated that
20  at the outset.
21              MR. MOON:  That's all for the government, Your
22  Honor.  Thank you.
23              THE COURT:  Thank you.
24              And Mr. Till, I do not believe you have the
25  right to appeal since the sentence is within the guidelines
```

```
 1   you've agreed to.  To the extent there's any issue you think
 2   you may have on appeal, you need to discuss it with
 3   Mr. Mateo right away because an appeal would have to be
 4   filed within 14 days.
 5                I wish you good luck.
 6                THE DEFENDANT:  Thank you.
 7                THE COURT:  Thank you.
 8                MR. MATEO:  Thank you, Your Honor.
 9                THE CLERK:  This court is in recess.
10                (Proceedings concluded at 11:15 a.m.)
11                              -  -  -
12
13                     C E R T I F I C A T I O N
14
15   I, Suzanne Jacques, Official Court Reporter for the United
16   States District Court, Eastern District of Michigan, Southern
17   Division, hereby certify that the foregoing is a correct
18   transcript of the proceedings in the above-entitled cause on the
19   date set forth.
20
21
22   s/Suzanne Jacques                              9/2/2021
     Suzanne Jacques, RPR, RMR, CRR, FCRR             Date
23   Official Court Reporter
     Eastern District of Michigan
24
25                              -  -  -
```

Case No. 17-CR-20311 U.S.A. vs. Glen Till