UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                                      Case No. 17-cr-20311

v.                                                    Honorable Nancy G. Edmunds

Glen Till,

        Defendant.

_____/

**ORDER DENYING RENEWED MOTION FOR SENTENCE REDUCTION [49] AND CORRECTING CLERICAL ERROR IN JUDGMENT**

Defendant Glen Till, age 44, is currently in the custody of the Federal Bureau of Prisons ("BOP") serving an 84-month sentence for possessing a stolen firearm. This matter is before the Court on Defendant's renewed motion for a sentence reduction. (ECF No. 49.) Defendant's first motion for sentence reduction was filed *pro se* and denied by this Court without prejudice. (ECF No. 46.) The present motion was filed through appointed counsel. The Government filed a response in opposition to Defendant's motion (ECF No. 52) along with a supplemental brief (ECF No. 54). Defendant filed a reply. (ECF No. 56.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the following reasons, the Court DENIES Defendant's motion.

**I.  Background**

On March 2, 2017, while Defendant was on parole from the Michigan Department of Corrections, Detroit Police and Michigan Department of Corrections officers conducted a compliance check at Defendant's residence. During the check, Defendant voluntarily

told the officers that he had a gun in his home and led them to where the gun was hidden in the basement. As it turns out, the gun had been stolen over a decade earlier.

Defendant was arrested and placed in state custody. Two weeks later, he was charged in federal court for possessing a firearm as a felon in violation of 18 U.S.C. 922(g). (ECF No. 1.) Defendant was brought into federal custody on a writ of habeas corpus ad prosequendum. (ECF No. 3.) On May 7, 2018, a superseding information was filed charging him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). He pleaded guilty pursuant to a Rule 11 plea agreement and was sentenced by this Court to an 84-month term of imprisonment. (*See* ECF No. 40.)

The judgment entered by this Court was unclear, however, as a result of a duplicate "Page 2 of 7" erroneously attached. (*See id.*) To be sure, the Court intended to give Defendant credit for the time he already served.[1] *See* 18 U.S.C. § 3585(b)(1) ("[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commenced . . . as a result of the offense for which the sentence was imposed"). Yet the first "Page 2 of 7" of the judgment neglected to include this information. The second "Page 2 of 7" of the judgment correctly states that Defendant shall be "imprisoned for a total term of: 84 months with credit for time already served." (*Id.*)

Defendant remains incarcerated today and his projected release date is August 9, 2024. This date does not account for the approximately 15 months Defendant was

---

[1] At the time of Defendant's plea and sentencing, it seemed a foregone conclusion that the Michigan Department of Corrections would require Defendant to serve a parole revocation sentence. Thus, the conversation between the parties and the Court at sentencing centered around whether the Court would agree to allow Defendant's federal sentence to run concurrently to any sentence imposed by the State of Michigan. (ECF No. 53, PageID.838.) The Court agreed to allow a concurrent sentence, but the State never imposed sentence for Defendant's parole violation and therefore, Defendant never received credit for his time spent in pretrial custody.

incarcerated while awaiting trial in this case. He is currently being housed at FCI Cumberland in Cumberland, Maryland.

In his present motion, Defendant seeks compassionate release from the Court on three grounds: (1) his claimed heightened vulnerability to COVID-19 despite vaccination; (2) the Bureau of Prisons' inability or refusal to treat his persistent medical issues; and (3) because he has not received credit for the 15 months he spent incarcerated prior to his sentencing in this case from either the BOP or the Michigan Department of Corrections. In support of his motion, Defendant attaches a number of exhibits including his medical records which show he has been diagnosed with mild pulmonary vascular congestion, obesity, hypertension, sleep apnea, pre-diabetes, and substance abuse. He has also suffered from blood in his stool and urine with tests being inconclusive as to the cause of these symptoms.

## II.     Legal Standard

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons if "extraordinary and compelling reasons warrant such a reduction" and the relevant § 3553(a) factors weigh in favor of granting the requested relief. § 3582(c)(1)(A); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). Because there are currently no policy statements applicable to defendant-filed motions, a third requirement of § 3582(c)(1)(A) was found not to apply. *Id.* An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

### III. Analysis

#### A. Exhaustion

Defendant exhausted his administrative remedies. He requested compassionate release from the warden of his facility and waited to file the present motion until after his request was denied. (ECF No. 50-1, PageID.428; ECF No. 50-2.) The government does not contest exhaustion. (ECF No. 52, PageID.812.) The Court therefore finds this threshold requirement to relief has been satisfied.

#### B. Extraordinary and Compelling Reasons

Defendant argues extraordinary and compelling reasons are established by (1) his heightened vulnerability to COVID-19 despite vaccination, (2) the Bureau of Prisons' inability to treat his medical issues, and (3) because he has not received credit for the 15 months he was incarcerated prior to his sentencing in this case. (ECF No. 49.) The government opposes Defendant's motion primarily because Defendant is fully vaccinated and the facility at which he is incarcerated presently has no active cases of COVID-19. (ECF No. 52.) The BOP administered both doses of the Moderna COVID-19 vaccine to Defendant in March 2021. (*Id.* at PageID.812.)

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling

reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). This is unless the defendant can show he is "unable to receive or benefit from a vaccine." *Id.*

The government concedes that at least one of Defendant's health issues has been recognized by the CDC as a condition that may increase his risk of severe illness. (ECF No. 52, PageID.812.) Nevertheless, because Defendant has been vaccinated and has not shown that he cannot benefit from the vaccine, his health conditions coupled with the COVID-19 pandemic do not amount to an "extraordinary and compelling reason" warranting a sentence reduction. *Lemons*, 15 F.4th at 751.

As to Defendant's argument that the BOP is unable or unwilling to treat his heart and bleeding medical concerns, his medical records show otherwise. Defendant shares that he was transported by EMS to a local hospital in January 2020 after he complained of pain along the left side of his chest and body. (*Id.*) The doctors who treated Defendant reportedly did not know what was wrong although he was diagnosed with "mild pulmonary vascular congestion." (*Id.* at PageID.402.) The fact that the BOP transported Defendant to the hospital for a potentially serious medical concern like chest pains shows that the BOP has provided Defendant with reasonable medical care regarding his heart concerns. In addition, although Defendant reports that the BOP refuses or is unable to treat the blood in his stool and urine, his medical records show various testing to determine the cause of these symptoms. (*Id.*) Defendant has been tested for bacterial infections and was offered a colon cancer screening which he declined. (*Id.*)

Finally, Defendant argues that a reduction in his sentence is warranted due to the fact that he did not receive credit for the 15 months he was incarcerated prior to his

sentencing in this matter. As discussed above, the judgment is unclear on this point. The first "Page 2 of 7" says nothing about credit for time served while the following "Page 2 of 7" states that Defendant should receive such credit. (*See* ECF No. 40.) This appears to be a clerical mistake for which a motion for compassionate release is not the proper vehicle to seek a remedy. A clerical error is neither "extraordinary" nor is it "compelling." *See Hunter*, 12 F.4th at 562 (noting that when Congress enacted § 3582 in 1984, "extraordinary" was understood to mean "most unusual," "far from common," and "having little or no precedent" while "compelling" meant "forcing, impelling, [or] driving.").

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, an analysis of the § 3553(a) factors is not necessary. *See Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### C.    Clerical Error in Judgment

Although the Court denies Defendant's motion for compassionate release because there are no "extraordinary and compelling reasons" warranting a sentence reduction, it will also correct the clerical error in the judgment through an amended judgment entered contemporaneously with this order. Federal Rule of Criminal Procedure 36 permits a court "at any time" and "[a]fter giving any notice it considers appropriate" to "correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. "Although the federal rules do not define what constitutes a clerical error, this court has held that 'a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.' "

*United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000)). In this case, it is clear there was a clerical error as there are two "Page 2 of 7" pages in the judgment which create an ambiguity. The Court's intent, which is clear from the sentencing transcript, was to allow Defendant to serve his federal sentence concurrently with an anticipated state sentence meaning he would have received credit for time served. The attachment of a second and incorrect "Page 2 of 7" which omits this language was a mere oversight which the forthcoming amended judgment will remedy.

### IV. Conclusion

For the foregoing reasons, Defendant's Renewed Motion For Sentence Reduction is DENIED and his Judgment is hereby ordered CORRECTED.

SO ORDERED.

Dated: November 24, 2021

    s/ Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2021, by electronic and/or ordinary mail.

    s/ Lisa Bartlett
    Case Manager